UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**EDWARD WISKIDENSKY,**

    **Plaintiff,**

    **v.**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

Civ. No. 19-20989 (KM)

**OPINION**

**KEVIN MCNULTY, U.S.D.J.:**

The plaintiff, Edward Wiskidensky, brings this action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) to review a final decision of the Commissioner of Social Security ("Commissioner") denying his claim to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The decision appealed from was partially favorable to Wiskidensky. The Administrative Law Judge ("ALJ") found that Wiskidensky was disabled and awarded benefits starting from May 6, 2018. The ALJ found that Wiskidensky was not disabled, however, prior to that date, *i.e.*, from the claimed onset date of January 27, 2016, through May 5, 2018. It is from that latter determination that Wiskidensky appeals. For the reasons stated below, the decision is **AFFIRMED**.

**I.   BACKGROUND**[1]

Wiskidensky alleges an onset of disability of January 27, 2016 due to lumbar disc surgery, bipolar disorder, opiate dependency, and tinnitus/hearing

---

[1] Citations to the record are abbreviated as follows:

"DE _" = Docket entry in this case

"R. _" = Administrative Record (DE 5) (the cited page numbers correspond to the number found in the bottom right corner of the page for all DE 5 attachments)

"Pl. Brf." = Wiskidensky's Moving Brief (DE 10)

"Def. Brf." = Commissioner's Brief (DE 11)

loss. (R. 147, 169.) Wiskidensky had a herniated disc and, with Dr. James Farmer attending, underwent spine surgery. (R. 236, 239–40.) Despite some improvements and physical therapy, he continued to have back pain as well as difficulty walking, sitting, and standing. (R. 262, 287, 393–95.) In follow-up visits, Dr. Farmer indicated on forms that Wiskidensky would be off-task 25% or more of a workday, and that he would be absent from work more than four days per month as a result of his symptoms. (R. 393–95.)

Separate from his spinal impairments, Wiskidensky was treated by a psychiatrist, Dr. Zyed Zaidi, for over three years for bipolar disorder. (R. 263–86, 375–88, 369–09, 410–14.) A psychological consultant also examined him and reported that his ability to reason, communicate, and take of himself were fair, and he could perform many daily tasks. (R. 358.) State agency psychological consultants also opined that his mental impairments were non-severe. (R. 61–62, 72–73.)

## II. DECISION FOR REVIEW

### A. The Five-Step Process and this Court's Standard of Review

The Social Security Administration uses a five-step evaluation process for determining whether a claimant is entitled to benefits. 20 C.F.R. §§ 404.1520, 416.920. In the first step, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the onset date of the alleged disability. *Id.* §§ 404.1520(b), 416.920(b). If not, the Commissioner moves to step two to determine if the claimant's alleged impairment, or combination of impairments, is "severe." *Id.* §§ 404.1520(c), 416.920(c). If the claimant has a severe impairment, the Commissioner inquires in step three as to whether the impairment meets or equals the criteria of any impairment found in the Listing of Impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. A. If so, the claimant is automatically eligible to receive benefits (and the analysis ends); if not, the Commissioner moves on to step four. *Id.* §§ 404.1520(d), 416.920(d). In the fourth step, the Commissioner decides whether, despite any severe impairment, the claimant retains the Residual Functional Capacity ("RFC") to

perform past relevant work. *Id.* §§ 404.1520(e)–(f), 416.920(e)–(f). The claimant bears the burden of proof at each of these first four steps. At step five, the burden shifts to the Social Security Administration to demonstrate that the claimant is capable of performing other jobs that exist in significant numbers in the national economy in light of the claimant's age, education, work experience, and RFC. 20 C.F.R. §§ 404.1520(g), 416.920(g); *see Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91–92 (3d Cir. 2007) (citations omitted).

For the purpose of this appeal, the Court's review of legal issues is plenary. *See Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). Factual findings are reviewed "only to determine whether the administrative record contains substantial evidence supporting the findings." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). Substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* When substantial evidence exists to support the ALJ's factual findings, this Court must abide by the ALJ's determinations. *See id.* (citing 42 U.S.C. § 405(g)).

### B. The ALJ's Decision

The ALJ applied the five-step framework.

At step one, the ALJ found that Wiskidensky had not performed substantial gainful activity after his alleged onset date through his date last insured. (R. 18.)

At step two, the ALJ found that he had the severe impairment of back impairment including post laminectomy syndrome, degenerative disc disease, and radiculopathy. (R. 19.) The ALJ found that he did not have any severe mental impairments because treatment for his mental disorders allowed him to control symptoms. (*Id.*)

At step three, the ALJ found that his back impairment did not meet or equal listing-level severity, specifically referring to Listing 1.04 for disorders of the spine. (R. 20.)

At step four, the ALJ found that he had the RFC to perform sedentary work, but could not perform his past relevant work as a heating, ventilation, and air conditioning installer. (R. 20–24.)

At step five, the ALJ relied upon vocational expert ("VE") testimony that Wiskidensky could perform alternative sedentary occupations, so he could still perform work that existed in significant numbers in the national economy. (R. 24–26.) However, since Wiskidensky turned 50 on May 6, 2018, the ALJ granted his claim for disability as of that date based on Vocational Rule 201.14, which provides that a claimant with Wiskidensky's background, once attaining age 50, is considered disabled if he is unable to perform his past relevant work. (R. 26.) Thus, the ALJ issued a partially favorable decision, granting Wiskidensky benefits starting from May 6, 2018.

Wiskidensky appeals from the adverse portion of the ALJ's decision, claiming that he is also entitled to benefits from his alleged onset date of January 27, 2016 through May 5, 2018.

## III.   DISCUSSION

Wiskidensky raises three issues: (1) whether, at step two, his mental impairments qualified as "severe"; (2) whether, at step three, his spinal impairments qualified as a listed impairment; and (3) whether, at step four, his RFC was less than sedentary. (The following discussion should be understood to relate only to the period for which benefits were denied, January 27, 2016 through May 5, 2018.)

### A. Step Two

Wiskidensky argues that the ALJ erred in finding that his mental impairments did not qualify as "severe." (Pl. Brf. at 13–15.) Step two is aimed at "dispos[ing] of groundless claims." *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003). If a claimant has no severe impairments, then the ALJ can

4

deny benefits. *See id.* If the claimant has at least one severe impairment, the ALJ can move to the next steps, and—importantly—can consider *any* impairment at step four. *See id.*; *Rutherford v. Barnhart*, 399 F.3d 546, 554 n.7 (3d Cir. 2005). Accordingly, the Third Circuit has regularly rejected claims of error at step two if the ALJ proceeded to the other steps, because if the impairment is adequately considered, then any step two error would be harmless. *Orr v. Comm'r of Soc. Sec.*, 805 F. App'x 85, 88 (3d Cir. 2020); *Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 145 n.2 (3d Cir. 2007) (citing *Rutherford*, 399 F.3d at 553). Because the ALJ found that Wiskidensky satisfied step two and considered his mental impairments at step four (R. 21), any step-two claim would fail for harmless error.[2]

### B. Step Three

Wiskidensky argues that he meets the criteria for Listing 1.04A ("Disorders of the spine"). (Pl. Brf. at 15–17.) "For a claimant to show his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Jones*, 364 F.3d at 504 (citation omitted). The claimant has the burden to "provide sufficient medical evidence" to show that he satisfies a listing. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 n.2 (3d Cir. 2000). Listing 1.04A requires, among other things, "positive straight-leg raising test (sitting and supine)." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04(A). The only evidence of such a test Wiskidensky points to is a check-box style

---

[2] Regardless, there was no substantive error. A "severe" impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The ALJ found that records showed that Wiskidensky took medication that controlled symptoms of his bipolar disorder and borderline personality disorder. (R. 19.) The ALJ also assigned weight to state agency psychological consultants' and a psychological examiner's conclusions that his mental impairments were non-severe and his mental capacity was only "mildly impaired." (R. 20.) Accordingly, there was "more than a mere scintilla" of evidence to support the ALJ's finding. *Jones*, 364 F.3d at 503; *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) (state agency consultants' "opinions merit significant consideration" (citation omitted)).

5

report from Dr. Farmer that notes a positive straight-leg test in the right leg but a negative test in the left leg. (R. 235.) This report does not specify that both a sitting and supine test were performed, as the listing requires. Because Wiskidensky has not provided evidence to show that this requirement in the listing was satisfied, I affirm the ALJ's finding that he did not meet the criteria for Listing 1.04A. *See Burnett*, 220 F.3d at 120 n.2; *see also Hevner v. Comm'r Soc. Sec.*, 675 F. App'x 182, 184 (3d Cir. 2017) ("'[C]heck box' forms that require little or no explanation . . . are 'weak evidence at best' . . . ." (quoting *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993))); *Harris v. Comm'r of Soc. Sec.*, Civ. No. 09-3219, 2010 WL 2874352, at *5 (D.N.J. July 19, 2010) ("[B]ecause Harris's straight-leg raising test did not satisfy Listing 1.04, the ALJ was correct in concluding that Harris did not meet or medically equally that listing.").

### C. Step Four

Wiskidensky argues that the ALJ erred in finding that he had the RFC to perform sedentary work. (Pl. Brf. at 17–19.) Specifically, he argues that the ALJ erred in discounting the opinions of his treating physicians, which in his view compel a finding of a less-than-sedentary RFC. (*Id.*)[3] Ordinarily "[a]n ALJ should give treating physicians' reports great weight," but such an opinion may nevertheless "be afforded more or less weight depending upon the extent to which supporting explanations are provided." *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 355 (3d Cir. 2008) (internal quotation marks and citations omitted). "When a conflict in the evidence exists, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason. The ALJ must consider all the evidence and give some reason for discounting the

---

[3] I do not accept the Commissioner's argument that any error in the RFC conclusion would be harmless in light of the step five analysis. (Def. Brf. at 17.) To simplify a bit, Wiskidensky was found not disabled at step five because the VE identified sedentary jobs which he could perform. (R. 25.) A less-than-sedentary RFC would tend to undermine the step five conclusion that there were jobs he could perform.

6

evidence she rejects." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (internal quotation marks and citations omitted).

The ALJ permissibly weighed Drs. Zaietta's and Farmer's opinions. The ALJ gave "little weight" to Dr. Zaietta's opinion that Wiskidensky "was unable to meet competitive standards in a variety of areas" because Wiskidensky's "level of daily functioning contradicts those opinions." (R. 23.) Accordingly, the ALJ discharged the duty to "consider all the evidence" when reviewing Dr. Zaietta's opinion and to give an evidentiary reason for why it was unpersuasive. *Plummer*, 186 F.3d at 429. The ALJ gave only "partial weight" to Dr. Farmer's reports because there was no evidence or explanation to support Dr. Farmer's check-box form indicating that Wiskidensky's impairments meant he would miss work or be off task. (R. 23.) Thus, the ALJ cited the lack of a supporting explanation, *see Brownawell*, 554 F.3d at 355, and use of check-box forms, *Hevner*, 675 F. App'x at 184. Both are legitimate bases to assign less weight to a medical opinion.

Moreover, the ALJ reviewed all the medical evidence, not just the opinions of Dr. Farmer and Dr. Zaietta, in reaching the RFC conclusion. (R. 20–23.) Wiskidensky does not take issue with that other evidence, which is substantial and which supports the RFC conclusion of the ALJ.

## IV.   CONCLUSION

For the reasons set forth above, the Commissioner's decision is affirmed. In particular, the Court upholds the challenged denial of benefits for the period January 27, 2016 through May 5, 2018 only.

A separate order will issue.

Dated: October 30, 2020

/s/ Kevin McNulty

**Hon. Kevin McNulty**
**United States District Judge**

7